UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVAN FERMAINT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>PLANET HOME LENDING, LLC, a Delaware limited liability company and MORTGAGE CONTRACTING SERVICES, LLC, a Delaware limited liability company<br><br>Defendants. | No. 18 C 07325<br><br>Magistrate Judge Beth W. Jantz |

## MEMORANDUM OPINION & ORDER

Plaintiff Evan Fermaint ("Plaintiff") filed suit against the Defendants Planet Home Lending, LLC ("Planet") and Mortgage Contracting Services, LLC ("MCS") (collectively "Defendants") alleging trespass, conversion, breach of contract and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff seeks to add a count of civil conspiracy based on his claim that he obtained new information during discovery. For the following reasons, Plaintiff's motion for leave to file a First Amended Complaint (Dkt. 109) is granted.[1]

---

[1] Magistrate judges are authorized to hear and decide certain "non-dispositive" pretrial matters under 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(a). A motion to amend a pleading is considered non-dispositive. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 595 (7th Cir. 2006*).*

## PROCEDURAL BACKGROUND

This action arises from the alleged unlawful breaking and entering of Plaintiff's Bridgeview home by MCS at the alleged direction of Planet. Plaintiff claims that there have been two unlawful entries onto his property and that numerous items of personal property have been stolen. Plaintiff commenced this action against the Defendants on November 2, 2018, alleging trespass, conversion, breach of contract and violations of the ICFA and the FDCPA. (Dkt. 1). Fact discovery closed on December 31, 2019. No dispositive motion schedule or trial date has been entered in this case. On January 17, 2020, Plaintiff filed the instant motion, requesting leave to file an amended complaint. (Dkt. 109). Plaintiff seeks to add a new claim of civil conspiracy based upon the same acts and the same time frame as the claims set forth in Plaintiff's November 2, 2018 original Complaint.[2] (Dkt. 118 at 3).

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) governs Plaintiff's motion for leave to file an amended complaint. Pursuant to this liberal standard for amending, "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.,* 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83

---

[2] The proposed amended complaint is attached as Exhibit A to Plaintiff's motion to amend. (Dkt. 109-1).

S.Ct. 227, 9 L.Ed.2d 222 (1962), and holding that district court abused its discretion by denying leave to amend complaint). Ultimately, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal quotation omitted).

In his proposed First Amended Complaint, Plaintiff seeks to add a new count of civil conspiracy against both Defendants, as he puts it, "[b]ased on information obtained via discovery." (Dkt 109, ¶4). Materially, Plaintiff alleges that "a combination of the two defendants engaged in concerted action to accomplish the unlawful purpose of forcing Plaintiff from his home and took overt tortious and unlawful acts in furtherance of this purpose." (Dkt. 118 at 6). Defendants oppose Plaintiff's motion to amend on the grounds of undue delay, undue prejudice, and futility. The Court will address each of Defendants' arguments in turn.

### A. <u>Undue Delay</u>

MCS argues that Plaintiff unduly delayed seeking leave to amend until after discovery closed and after Defendants tendered an offer of judgment to Plaintiff, which Plaintiff rejected. (Dkt. 116 at 2–3). MCS asserts that all of the agreements between Defendant and Planet were produced over a year ago in Defendants' initial disclosures, and, therefore, Plaintiff should have been able to identify his alleged conspiracy claim earlier. (*Id.* at 3). Plaintiff argues that the proposed conspiracy count is based on new information regarding Defendants' *intent*, which "required additional investigation during written and oral discovery to ascertain." (Dkt. 118

3

at 5). Further, Plaintiff argues the amendment is timely because Defendants have continued to supplement production of discovery requests through December 2019 and neither trial nor dispositive motion deadlines have been set. (*Id.*).

"[W]here the proposed causes of action are related to the claims contained in the initial complaint, and where the need to amend [does] not become apparent until after some discovery is completed, the general rule is to allow the movant to amend its complaint." *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1993 WL 390176, at *3 (N.D. Ill. Oct. 1, 1993), *aff'd*, No. 92 C 5852, 1993 WL 498216 (N.D. Ill. Dec. 1, 1993). In determining whether delay or prejudice is undue, "courts consider the number of times a plaintiff has amended the complaint, the reasons for the delay, the length of time between when the plaintiff learned of the facts supporting the underlying amendment, and when the plaintiff moved to amend the complaint, and the procedural posture of the case." *Bennett v. Crane,* No. 116CV00423TLSSLC, 2019 WL 1785533, at *2–3 (N.D. Ind. Apr. 24, 2019) (citation omitted).

This is Plaintiff's first request for amendment, and it was made before a dispositive motion schedule or a trial date has been set. Although the motion was filed three weeks after discovery closed, Plaintiff has provided a valid reason for delay— that the *intent* element needed for a civil conspiracy claim was clarified during the course of discovery, including MCS' latest supplemental production of phone logs in December 2019, just weeks before Plaintiff moved to amend. (Dkt. 118 at 5 ("Plaintiff's proposed conspiracy count involves factual allegations related to Defendants'

4

intent which required additional investigation during written and oral discovery to ascertain.")).

Given that Plaintiff plausibly explains that he discovered the necessary intent element of the claim during discovery[3]; and that the motion for leave to amend was filed shortly after this relevant discovery, the Court finds no undue delay. *See Cohn,* 1993 WL 390176, at *3; *Barren v. Ne. Illinois Reg'l Commuter R.R. Corp.,* No. 13 CV 4390, 2015 WL 764105, at *2 (N.D. Ill. Feb. 23, 2015); *Life Plans, Inc.*, 800 F.3d at 347.

**B. <u>Undue Prejudice</u>**

Moreover, the Seventh Circuit has indicated that "delay by itself is normally an insufficient reason to deny a motion for leave to amend." . . . [rather,] "[d]elay must be coupled with some other reason. . . . [t]ypically . . . prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (citation omitted) (holding that district court abused its discretion by denying leave to file second amended complaint on grounds of undue delay and prejudice). Almost all proposed amendments to a complaint result in some degree of prejudice to the opponent, such as requiring additional discovery or a delay in dispositive motions or trial dates; therefore, the pertinent inquiry is whether the resulting

---

[3] To succeed on a civil conspiracy claim, a plaintiff must demonstrate, *inter alia*, "an agreement between two or more persons **for the purpose of** accomplishing either an unlawful purpose or a lawful purpose by unlawful means." *Turner v. Hirschbach Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017) (citation omitted) (emphasis added). Contrary to the defense's argument, having the agreements between the Defendants at the beginning of discovery is insufficient to make this conspiracy claim, because this intent element must also be established. (See Dkt. 116 at 3).

5

prejudice is *undue*. See *Memberselect Ins. Co. v. Electrolux Home Prod., Inc.,* No. 13 CV 4097, 2015 WL 6955486, at *2 (N.D. Ill. Nov. 10, 2015). Undue prejudice can be found where "the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint ***and*** when the additional discovery is expensive and time-consuming." *United States v. Ladany*, No. 14 C 3876, 2015 WL 9259523, at *4 (N.D. Ill. Dec. 18, 2015) (internal citations and quotations omitted) (emphasis added). The party seeking an amendment bears the burden of demonstrating that "no prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

MCS argues that Plaintiff's delay will cause undue prejudice because discovery is closed, and it will be unable to: (1) question potential witnesses about "the terms of the express and/or implied agreements between MCS and Planet"; (2) "gather information regarding the course of conduct between the parties that allegedly gives rise to the civil conspiracy claim"; or (3) request documents related to the civil conspiracy allegation. (Dkt. 116 at 2). Plaintiff responds that Defendants will not need additional discovery because: (1) the Defendants have already produced Rule 30(b)6 corporate representatives "who have provided testimony related to the Defendants' relationship and their knowledge and authorization of the wrongful activities of their respective agents at the Plaintiff's home"; (2) they have already conducted discovery on the "course of conduct between the parties"; and (3) "the witnesses upon which Defendant would rely to establish any defense to the claim

6

would be its own officers or employees and those of its co-defendant." (Dkt. 118 at 4).

While the Court believes that Defendants are entitled to conduct additional discovery on this claim as they see fit to develop their defenses, it does not seem that any additional discovery will be expansive. "[J]ust because additional discovery will be necessary is not a reason by itself to deny a motion to amend." *Carlson*, 2014 WL 5334038, at *3. Courts have found that "the risk of prejudice is small where the proposed counts are based on the same facts and circumstances as the original counts, as this will limit the amount of extra discovery which the opposing party must do." *Cohn,* 1993 WL 390176, at *3, citing *Lanigan v. LaSalle Nat. Bank*, 108 F.R.D. 660, 663 (N.D. Ill. 1985).

Here, the proposed amendment involves a new civil conspiracy claim based on the same acts and the same time frame as the claims brought in the initial complaint. This minimizes any prejudice caused by the amendment. Further, Defendant does not identify with sufficient specificity what "time consuming and extensive" additional discovery would be needed to defend against this new count. *See Dubicz,* 377 F.3d at 792–93 (holding that the district court abused its discretion in denying a motion to amend when "the case for prejudice [was] stated . . . only in the most conclusory of terms," given that no "particular witnesses or documents [were] identified" by the opposing party to support the argument that a delay would result in prejudice).

7

The Court finds that any additional discovery would not be so extensive and costly as to justify denying this motion to amend. *See Memberselect*, 2015 WL 6955486, at *3 (granting motion to amend, even when discovery had closed, in part because "[e]xtensive and costly discovery will not be required to fairly and fully defend the claim."). Plus any minimal prejudice resulting from the amendment can be cured by re-opening discovery related to the new claim. *See, e.g., Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2006 WL 1895731, at *3 (N.D. Ill. July 6, 2006) ("Re-opening written discovery would cure any minimal prejudice caused by the amendments."); *Gonzalez v. Lawent*, No. 03 C 2237, 2004 WL 2036409, at *6 (N.D. Ill. Sept. 10, 2004) ("There does not appear to be any prejudice to Lawent that cannot be cured by allowing additional discovery, which, given the nature of the amended complaint, is not likely to be extensive.").

MCS also argues that it is prejudiced because it has begun preparing a motion for summary judgment based on the original causes of action and allowing an amendment will further delay briefing and ruling on its motion. This argument is unavailing especially since a dispositive motion schedule has yet to be set and MCS has yet to file any motion for summary judgment.

The cases MCS cites in support of denial are inapposite. In *Villa*, the Seventh Circuit affirmed denial of leave to file a third amended complaint because, unlike this case, the Plaintiff was given several opportunities to amend and the request was filed over three years after the original complaint. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). In *Zenith Radio Corp.*, the Supreme Court held that

8

allowing the defendant to amend its reply to a counterclaim a year after evidence was closed and after the trial court had already entered preliminary findings of fact and conclusions of law favoring plaintiff would cause undue prejudice. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 331 (1971). The Supreme Court noted that permitting the late amendment would deny the plaintiff the opportunity to prove recoverable damages or by requiring the record to be reopened and the issues of damages to be retried. *Id.* The procedural posture and degree of prejudice is markedly different here, where Plaintiff seeks leave to amend before any dispositive motions or trial dates have been set, with minimal additional discovery required for the Defendant. In *Chaveriat*, the Seventh Circuit affirmed the district court's denial of a motion to amend where, unlike here, plaintiff's proposed amendment brought forth a new claim arising from a different alleged occurrence than the claims in the original complaint. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428–29 (7th Cir. 1993).

Based on the foregoing, the Court finds that allowing the amendment will not result in undue prejudice to Defendants.

## C. Futility

An amendment is futile when it could not withstand a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, an amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In

9

order to deny a motion to amend on this ground, it should be "clear that the proposed amended complaint is deficient and would not survive a motion to dismiss." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) (emphasis added); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . .") (emphasis in original) (internal quotation omitted).

To succeed on a claim of civil conspiracy under Illinois law, the plaintiffs must eventually establish: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Turner v. Hirschbach Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017). Defendant asserts that the proposed amendment adding a count of civil conspiracy is futile in this case because Plaintiff does not allege specific facts that the purported conspiracy specifically impacted Plaintiff rather than "homeowners" in general. (Dkt. 116 at 4). But as Plaintiff correctly points out, the new count incorporates the factual allegations from Paragraphs 1 through 75. (Dkt. 109-1, ¶162). These allegations detail how the alleged tortious acts, trespass and conversion, affected Plaintiff and his property specifically. (*See id.* at ¶¶ 35–53; *see also id.* at ¶171 ("The actions described herein [this civil conspiracy count] proximately caused Plaintiff the damages described above, including those set forth in paragraphs 48 through 53."))

10

Defendant also argues that the civil conspiracy count is futile because Plaintiff makes no specific factual allegations to justify an inference that Defendant was a member of the conspiracy. (Dkt. 116 at 4). Without directing the Court to specific allegations, Plaintiff argues that his amended complaint, including paragraphs 1 through 75, provides "a specific and robust factual foundation for the civil conspiracy count." (Dkt. 118 at 5). In his amended complaint, Plaintiff alleges, *inter alia*, that: (1) Planet had a consensual agency relationship with MCS, memorialized in writing, (Dkt. 109-1, ¶¶55–57); (2) the Defendants' express and implied agreements "call for Defendants to ignore the possessory rights of homeowners in violation of the law, expedite the foreclosure process by circumventing the law, and profit from unlawful trespasses to valuable real and personal property," (*id.*, ¶¶163-165); (3) the agreements among the Defendants require them to violate the law in various ways, (*id.*, ¶¶69, 169-170); (4) Defendants "acted with conscious indifference to Plaintiff's rights," (*id.*, ¶70); and (5) Defendants' "course of conduct demonstrates a deliberate intent to harm Plaintiff, deprive [him of property], and illegally 'collect a debt' through self-help," (*id.*, ¶71). These allegations, accepted as true, could plausibly warrant an inference that MCS knowingly participated in and was a member of the alleged conspiracy.

Defendant's reliance on *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 923–24 (N.D. Ill. 2012), is unavailing. In *Davidson*, the court denied leave to amend on the grounds of futility where plaintiff (1) did not allege any agreement between the defendants, but only that defendants engaged in a common

11

course of conduct, and (2) "it was not clear until Plaintiff's response brief that civil conspiracy was even being alleged." *Id.* at 924. Here, Plaintiff did allege that MCS and Planet entered into explicit and implicit agreements, and that the course of conduct running out of those agreements demonstrated an intent to engage in conduct in violation of the law. (Dkt. 109-1, ¶¶54–71, 163-170).

Accepting as true the facts as alleged in his First Amended Complaint, the Court cannot say that the new claim of civil conspiracy is "inherently futile" and certainly would not survive a motion to dismiss. *See Johnson*, 515 F.3d at 780; *Runnion*, 786 F.3d at 519–20. Therefore, under the liberal standard required by FRCP 15, the Court will allow Plaintiff to proceed on this new count.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to file an amended complaint [109] is granted. Plaintiff shall promptly file his Amended Complaint as a separate docket entry. Defendants shall answer or otherwise plead within 14 days after filing of the amended pleading. In accordance with Second Amended General Order 20-0012, a status hearing will be set as soon as practicable, at which Defendant should be prepared to present to the Court what, if any, additional discovery is needed related to Plaintiff's new civil conspiracy claim. As Plaintiff has affirmatively indicated that he does not need any additional discovery on this new claim, (Dkt. 109, ¶7), discovery will not be re-opened on these matters for Plaintiff. Given the current public health situation, this Court will accommodate reasonable requests for

extensions in the coming weeks, and counsel and the parties should show flexibility and be willing to accommodate each other as well.

E N T E R:

Dated: April 16, 2020

*[signature]*

BETH W. JANTZ
United States Magistrate Judge